# IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

---

### ECCA NO. 11-15724-GG

---

### UNITED STATES OF AMERICA,
**Appellee,**

**vs.**

### THEODORE STEWART FRIES,
**Defendant/Appellant**

---

### BRIEF OF APPELLEE
### UNITED STATES OF AMERICA

---

### APPEAL FROM THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF FLORIDA

---

**PAMELA C. MARSH**
United States Attorney


**TERRY FLYNN**
Assistant United States Attorney
Northern District of Florida
111 North Adams Street, 4th Floor
Tallahassee, FL 32301
(850) 942-8430

ECCA NO. 11-15724-GG                           *United States v. Fries*
District Court No. 4:11cr22-RH

## CERTIFICATE OF INTERESTED PERSONS

**COODY, JASON R.,** Assistant U.S. Attorney

**DAVIES, ROBERT G.,** Assistant U.S. Attorney

**FLYNN, TERRY,** Assistant U.S. Attorney

**FRIES, THEODORE STEWART**, Defendant/Appellant

**HINKLE, HONORABLE ROBERT L.,** U.S. District Court Judge

**KAUFMAN, CHET**, Assistant Federal Public Defender, Attorney for
Defendant/Appellant

**MARSH, HONORABLE PAMELA C.,** United States Attorney

**MICKLE, HONORABLE STEPHAN P.,** Senior U.S. District Court Judge

**MURRELL, RANDOLPH P.,** Federal Public Defender, Attorney for
Defendant/Appellant

**SATTERFIELD, JESSICA**, U.S. Probation Officer

ECCA NO. 11-15724-GG                          *United States v. Fries*
District Court No. 4:11cr22-RH

## CERTIFICATE OF INTERESTED PERSONS (Continued)

**SHERRILL, HONORABLE WILLIAM C., Jr.**, Magistrate Judge (Retired)

I HEREBY CERTIFY that the above constitutes a complete list of interested

persons to this appeal as described in the Rules of the United States Court of

Appeals for the Eleventh Circuit Rev. (12/01/11), 11th Cir. R. 28-1(b), and 11th

Cir. R. 26.1-1.

TERRY FLYNN
Assistant U.S. Attorney

C-2 of 2

## STATEMENT REGARDING ORAL ARGUMENT

The government believes the issues and arguments are adequately addressed in the briefs, and therefore does not request oral argument.

# **TABLE OF CONTENTS**

Page(s)

CERTIFICATE OF INTERESTED PERSONS ................................................... C-1

STATEMENT REGARDING ORAL ARGUMENT ............................................... i

TABLE OF CONTENTS ...................................................................................... ii

TABLE OF CITATIONS ..................................................................................... iv

TABLE OF RECORD REFERENCES IN THE BRIEF ........................................ vi

STATEMENT OF JURISDICTION ..................................................................... vii

STATEMENT OF THE ISSUES .......................................................................... 1

STATEMENT OF THE CASE .............................................................................. 2

     (i)    Course of Proceedings and Disposition
           in the Court Below .................................................................... 2

     (ii)   Statement of Facts Relating to Count Two ............................... 3

     (iii)  Standards of Review ................................................................. 5

SUMMARY OF THE ARGUMENT ..................................................................... 6

ARGUMENT AND CITATIONS OF AUTHORITY ............................................ 9

     I.    THE DISTRICT COURT DID NOT COMMIT
          PLAIN ERROR BY ENTERING JUDGMENT
          AGAINST DEFENDANT AS TO COUNT TWO ............................. 9

II.    THE DISTRICT COURT DID NOT COMMIT
       PLAIN ERROR BY INSTRUCTING THE JURY
       THAT THE SALE OF A FIREARM TO A LICENSED
       DEALER WAS AN EXCEPTION TO THE PROHIBITION
       ON SALES TO NON-RESIDENTS THAT DID
       NOT APPLY IN THE CASE ............................................................. 16

CONCLUSION .......................................................................................... 22

CERTIFICATE OF SERVICE................................................................... 23

INDEX OF SUPPLEMENTAL EXPANDED RECORD EXCERPTS ................ 24

# TABLE OF CITATIONS

<u>CASES</u>:                                                                    <u>PAGE(S)</u>

*Johnson v. United States*, 520 U.S. 461, 117 S.Ct. 1544 (1997) ...................... 10, 16

*United States v. Barrington*, 648 F.3d 1178 (11th Cir. 2011)................................... 5
      cert. denied, ___ U.S. ___, 132 S.Ct. 1066 (2012)

*United States v. Byrd*, 403 F.3d 1278 (11th Cir. 2005)........................................... 14

*\*United States v. Castro*, 455 F.3d 1249 (11th Cir. 2006).......................... 10, 13, 17

*\*United States v. Chau*, 426 F.3d 1318 (11th Cir. 2005)........................... 10, 13, 17

*United States v. Clement*, 1995 WL 151786 (E.D.N.Y. 1995) ............................... 12

*United States v. Cohen*, 888 F.2d 770 (11th Cir. 1989).......................................... 14

*United States v. Dortch*, 696 F.3d 1104 (11th Cir. 2012) ........................................ 5

*United States v. James*, 172 F.3d 588 (8th Cir. 1999) ........................................... 12

*United States v. Johnson*, 480 Fed.Appx. 835 (6th Cir. 2012) ............................... 12

*United States v. Lain*, 640 F.3d 1134 (10th Cir. 2011) .......................................... 12

*United States v. Monroe*, 353 F.3d 1346 (11th Cir. 2003)................................ 10, 17

*United States v. Pantle*, 637 F.3d 1172 (11th Cir. 2011)............... 10, 11, 16, 17, 18
      cert. denied, 132 S.Ct. 1091 (2012)

*United States v. Pielago*, 135 F.3d 703 (11th Cir. 1998)........................................ 14

*United States v. Puche*, 350 F.3d 1137  (11th Cir. 2003) ................................. 11, 18

*\*United States v. Rodriguez*, 398 F.3d 1291 (11th Cir. 2005)........ 10, 11, 12, 17, 18

*United States v. Rodriguez*, 627 F.3d 1372 (11th Cir. 2010) ..................... 11, 14, 17
    *cert. denied*, ___ U.S. ___, 131 S.Ct. 1840 (2011)

*United States v. Shelton*, 400 F.3d 1325 (11th Cir. 2005) ............................... 11, 18

*United States v. Silvestri*, 409 F.3d 1311 (11th Cir. 2005) .............................. 10, 17

*United States v. Straub*, 508 F.3d 1003 (11th Cir. 2007) ........................................ 5

*United States v. Turner*, 474 F.3d 1265 (11th Cir. 2007) ...................................... 14

*United States v. Tyson*, 653 F.3d 192 (3rd Cir. 2011) ........................................... 12

*United States v. Vonn*, 535 U.S. 55, 122 S.Ct. 1043 (2002) ............................. 10, 17

*United States v. Zinn*, 321 F.3d 1084 (11th Cir. 1988) ........................................... 5

## OTHER:

17 Cumb. L. Rev. 585 (1987) .................................................................. 12

Title 18, United States Code, Section 922 .............................................. 12

Title 18, United States Code, Section 922(a)(1)(A) ................................... 2

Title 18, United States Code, Section 922(a)(5) ..................................... 1, 2, 4, 9, 12

Title 18, United States Code, Section 923(a) ............................................ 2

Title 18, United States Code, Section 924(a)(1)(D) ................................... 2

Title 18, United States Code, Section 3231 ........................................... vii

Title 28, United States Code, Section 1291 ........................................... vii

v

## TABLE OF RECORD REFERENCES IN THE BRIEF

| Docket # | Document Title | Brief Page # |
|---|---|---|
| 1 | Indictment | 2 |
| 17 | Defendant's Proposed Jury Instructions | 2, 3 |
| 19 | Defendant's Proposed Jury Instructions | 2, 3 |
| 26 | Defendant's Amended Motion - Jury Instruction 34.2 | 2, 3 |
| 35 | Draft Jury Instructions | 4 |
| 39 | 07/27/2011 – Verdict | 2 |
| 55 | 11/20/2011 – Judgment | 2 |
| 56 | Statement of Reasons (sealed) | 2 |
| 67 | Transcript – 07/20/2011 - Jury Instruction Conference | 3 |
| 68 | Transcript – 07/26/2011 - 1st Day of Trial | 19, 20 |
| 69 | Transcript – 07/27/2011 - 2nd Day of Trial | 4 |
| Exh. 7 | Transcript at 9 | 20 |
| Exh. 10 | Transcript at 2 | 20 |
| Exh. 13 | Transcript at 10 | 20 |
| Exh. 16 | Transcript at 3 | 20 |
| Exh. 111 | Transcript at 1, 2, 18 | 20, 21 |

## <u>STATEMENT OF JURISDICTION</u>

Pursuant to Title 28, United States Code, Section 1291, the Court of Appeals has jurisdiction of appeals from all final decisions of the district court of the United States except where a direct review may be had in the Supreme Court.

Pursuant to Title 18, United States Code, Section 3231, the district court had jurisdiction to preside over the trial in this case.

## STATEMENT OF THE ISSUES

### ISSUE I

WHETHER THE DISTRICT COURT COMMITTED PLAIN ERROR BY ENTERING A JUDGMENT AGAINST DEFENDANT DUE TO THE FACT THAT INSUFFICIENT EVIDENCE WAS PRESENTED THAT THE BUYER OF THE FIREARM WAS NOT A LICENSED DEALER?

### ISSUE II

WHETHER THE DISTRICT COURT COMMITTED PLAIN ERROR BY EFFECTIVELY REMOVING FROM THE BURDEN OF PROOF AN ELEMENT OF THE TITLE 18, UNITED STATES CODE, SECTION 922(a)(5), OFFENSE BY INSTRUCTING THE JURY THAT THE SALE OF A FIREARM TO A LICENSED DEALER WAS AN EXCEPTION TO THE PROHIBITION ON SALES TO NON-RESIDENTS THAT DID NOT APPLY IN THE CASE?

1

## STATEMENT OF THE CASE

**(i)    Course of Proceedings and Disposition in the Court Below.**

On April 6, 2011, Defendant/Appellant Theodore Stewart Fries was indicted and charged in Count One with dealing in firearms without a license, in violation of Title 18, United States Code, Sections 922(a)(1)(A), 923(a), and 924(a)(1)(D); and in Count Two with transferring a pistol when neither he nor the buyer was a licensed importer, manufacturer, dealer, or collector of firearms within the meaning of the law, knowing the recipient was not a resident of the State of Florida, in violation of Title 18, United States Code, Sections 922(a)(5) and 924(a)(1)(D).  (Doc 1)

Defendant filed three motions to modify Eleventh Circuit Pattern Jury Instruction 34.2.  (Docs 17, 19, 26)

On July 27, 2011, the jury found Defendant guilty of Count Two and not guilty of Count One.  (Doc 39)

The court found the offense involved three firearms. (Doc 56)  Based upon a total offense level 14, and criminal history category I, Defendant's advisory guideline range was 15 to 21 months.  (*Id.*)  On November 16, 2011, the court imposed a sentence of two years' probation, which was below the recommended guideline range.  (Doc 55)

2

**(ii)    Statement of the Facts Relating to Count Two.**

The government adopts the statement of facts presented by Appellant, with the following additions:

Prior to trial, Defendant filed three motions seeking to modify Eleventh Circuit Pattern Jury Instruction 34.2 (2010), to add language regarding the "out of state residence" element and to modify the instruction's language regarding "livelihood and profit." (Docs 17, 19, 26)  On July 20, 2011, following jury selection, but six days prior to commencement of trial, the court held a pretrial jury instruction conference. (Doc 67)  Defense counsel asked the court to modify Instruction 34.2 regarding willfulness and the "out of state residence" requirement. (*Id.* at 2-4)

During the argument, the court concluded, "I take it in this case the only claim is that Mr. Fries knew he was unlicensed and knew he was selling to somebody that was a nonresident.  There is no claim about speeding or anything like that." (Doc 67 - Pg 5)  Defendant's counsel subsequently told the court, "That's all I'm asking the court to do, is to instruct the jury accurately about this dual citizenship law." (*Id.* at 6)

3

On July 23, 2011, the court filed the discussion draft of jury instructions.

(Doc 35)  In that draft, the court proposed a modified Instruction 34.2, which

addressed the **exceptions** in Title 18, United States Code, Section 922(a)(5):

> As you know from my discussion of count one, federal
> law requires a license to engage in the business of
> dealing in firearms.  A person without a license can
> legally sell or transfer a firearm so long as the person is
> not engaged in the business of dealing in firearms.  But a
> sale or transfer by an unlicensed person can only be made
> to a person who resides in the same state.  Thus a Florida
> resident who does not have a federal license cannot
> legally sell or transfer a firearm to a person who does not
> reside in Florida.  **There are exceptions --- for a**
> **transfer to a licensed dealer,** for a firearm passing
> through inheritance, and for a firearm that is being loaned
> or rented for sporting purposes -- **but the exceptions are**
> **not involved in this case.**

(Doc 35 - Pg 8) (emphasis added)  At no time did Defendant object to the court's

instruction that the exceptions were not involved in this case.

At the close of the trial, the court gave the same instruction to the jury,

including, "There are exceptions -- for a transfer to a licensed dealer, .... -- but the

exceptions are not involved in this case."  (Doc 69 - Pgs 585-86)  Defendant did

not object.  (*Id.* at 591)  Further, Defendant did not move for a motion for judgment

of acquittal in this case on either count after the government rested or after the

Defendant rested.  (*Id.* at 394, 529)

4

**(iii)** <u>**Standards of Review**</u>.

Defendant correctly concedes that the district court's rulings regarding both issues in this appeal are to be reviewed for plain error. (Appellant's brief - Pg 13) Because Defendant did not move for a judgment of acquittal, this Court reviews the district court's ruling entering judgment against him with regard to Count Two for plain error. *United States v. Barrington*, 648 F.3d 1178, 1192 (11th Cir. 2011), *cert. denied*, ___ U.S. ___, 132 S.Ct. 1066 (2012); *United States v. Straub*, 508 F.3d 1003, 1008, 1010-11 (11th Cir. 2007); *United States v. Zinn*, 321 F.3d 1084, 1087-88, 1090 & n. 7 (11th Cir. 2003).

Because Defendant did not object to the jury instruction he challenges on appeal, this Court reviews the district court's decision to give the instruction for plain error. *United States v. Dortch*, 696 F.3d 1104, 1112 (11th Cir. 2012); *Zinn*, 321 F.3d at 1087-88, 1090 & n. 7.

5

# SUMMARY OF THE ARGUMENT

## ISSUE I

### THE DISTRICT COURT DID NOT COMMIT PLAIN ERROR BY ENTERING A JUDGMENT AGAINST DEFENDANT AS TO COUNT TWO.

The district court did not commit plain error by entering judgment against Defendant on Count Two. Defendant never moved for a judgment of acquittal on the ground that the undercover buyer was not a holder of a federal firearms license (FFL) or for any other reason. While there was no positive statement in the record that the undercover buyer was not a holder of an FFL, there was evidence that Defendant was not an FFL holder, as that was an element of Count One for engaging in the business of selling firearms without an FFL.

There was testimony regarding multiple discussions, both overt conversations between Defendant and agents of the Bureau of Alcohol, Tobacco, and Firearms (ATF) and undercover recordings of discussions between Defendant and the undercover non-resident buyer. The testimony established that Defendant was knowledgeable about his inability to sell a gun to someone from outside Florida unless one of the parties to the transaction was a holder of an FFL. The evidence established that Defendant did not possess an FFL, and by his significant efforts to circumvent this restriction, he demonstrated his belief that this exception

6

to the illegal transaction he wanted to consummate was not available as the

undercover buyer was similarly not an FFL holder.

   While it is true that posing one additional question - - "Were you, Agent

Visnovske, an FFL holder at the time you made this undercover purchase?" - - and

getting the negative response – "I am not, and was not at that time, an FLL holder."

– would have rendered this appeal moot, that is not the state of the record before

this Court. However, the lack of this one question did not constitute obvious error,

prejudice Defendant or lead to a miscarriage of justice. Rather, Defendant's

suggestion that, but for the lack of this one question and answer, he should have his

conviction reversed, would have the effect of needlessly throwing out a logical,

just, and thoughtful verdict, which was reached based on a record that supports the

finding of an illegal transaction in which Defendant was fully complicit.

## ISSUE II

**THE DISTRICT COURT DID NOT COMMIT PLAIN ERROR BY
INSTRUCTING THE JURY THAT THE SALE OF A FIREARM TO A
LICENSED DEALER WAS AN EXCEPTION TO THE PROHIBITION ON
SALES TO NON-RESIDENTS THAT DID NOT APPLY IN THE CASE.**

   It is the government's position that it is not plain, on the face of the statute or

otherwise, that the district court removed an element from the statutory offense, as

opposed to an affirmative defense. Even assuming that this Court were to find

error that was plain, Defendant has not met the final two prongs of the plain error

test; that is, he has not and cannot demonstrate either prejudice or that the error seriously affected the fairness, integrity, or public reputation of judicial proceedings.

One of the fundamental functions of the plain error rule is to avoid needless use of judicial resources. This case was vigorously contested by Defendant on theories other than the argument that the undercover buyer was an FFL holder, which was not the case and thus would not have been a viable defense. In the context of vigorous discussions of other theories of defense, and against the background of testimony and evidence of the undercover agent's qualifications that did <u>not</u> include his having an FFL, the court revised the jury instructions to fit the facts at issue in the case. Given the totality of the circumstances, including the extensive proof that Defendant knew he was breaking the law by selling to a non-resident, no error occurred in this case that seriously affected the fairness, integrity, or public reputation of judicial proceedings.

8

## ARGUMENT AND CITATIONS OF AUTHORITY

### ISSUE I

**THE DISTRICT COURT DID NOT COMMIT PLAIN ERROR BY ENTERING A JUDGMENT AGAINST THE DEFENDANT AS TO COUNT TWO.**

Defendant argues his conviction on Count Two should be reversed because the government failed to prove an essential element of Title 18, United States Code, Section 922(a)(5), namely that the undercover non-resident buyer was not a licensed importer, manufacturer, dealer, or collector of firearms. (Appellant's brief at 14) Section 922(a)(5) states:

> It shall be unlawful for any person (other than a licensed importer, licensed manufacturer, licensed dealer, or licensed collector) to transfer, sell, trade, give, transport, or deliver any firearm to any person (other than a licensed importer, licensed manufacturer, licensed dealer, or licensed collector) who the transferor knows or has reasonable cause to believe does not reside in (or if the person is a corporation or other business entity, does not maintain a place of business in) the State in which the transferor resides...

Under the plain error test, before an appellate court can correct an error not raised below, "there must be (1) error, (2) that is plain, and (3) that affects substantial rights. . . . If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings."

9

*Johnson v. United States*, 520 U.S. 461, 467, 117 S.Ct. 1544, 1549 (1997) (internal

citations and quotations omitted); *accord United States v. Pantle*, 637 F.3d 1172,

1174 (11th Cir. 2011) (*per curiam*), *cert. denied*, 132 S.Ct. 1091 (2012).

Plain error is "an extremely high standard of review," *United States v.*

*Silvestri*, 409 F.3d 1311, 1337 n. 17 (11th Cir. 2005), which should be exercised

"sparingly." *United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005)

(internal quotation omitted).  First, it is Defendant's burden to establish plain error,

and specifically, to show "the error plain, prejudicial and disreputable to the

judicial system." *United States v. Monroe*, 353 F.3d 1346, 1349-50 (11th Cir.

2003) (quoting *United States v. Vonn*, 535 U.S. 55, 65, 122 S.Ct. 1043, 1050

(2002)).  As to the second prong of the plain error test, "[w]hen 'the explicit

language of a statute or rule does not specifically resolve an issue, there can be no

plain error where there is no precedent from the Supreme Court or this Court

resolving it.'" *United States v. Castro*, 455 F.3d 1249, 1253 (11th Cir. 2006) (*per*

*curiam*) (quoting *United States v. Chau*, 426 F.3d 1318, 1322 (11th Cir. 2005) (*per*

*curiam*)).

To prove the third prong of the plain error test, Defendant "must establish a

'reasonable probability of a different result' but for the error." *United States v.*

*Rodriguez*, 627 F.3d 1372, 1382 (11th Cir. 2010), *cert. denied*, ___ U.S. ___, 131

10

S.Ct. 1840 (2011) (quoting *Rodriguez*, 398 F.3d at 1299). "A defendant's burden under the plain error standard to show prejudice is 'anything but easy' – 'the burden truly is on the defendant to show that the error actually did make a difference.'" *Pantle*, 637 F.3d at 1177 (quoting *Rodriguez*, 398 F.3d at 1299-1300). "Where the effect of an error on the result in the district court is uncertain or indeterminate – where we would have to speculate – the appellant has not met his burden" of establishing the third prong of the plain error test. *Rodriguez*, 398 F.3d at 1301; *accord Pantle*, 637 F.3d at 1177.

The fourth prong of the plain error test is not analogous to the third prong; rather, the fourth prong imposes yet a further significant burden that the defendant must satisfy to be entitled to relief. *See United States v. Shelton*, 400 F.3d 1325, 1333 (11th Cir. 2005).

Under the plain error standard, an appellate court "correct[s] only for errors that are particularly egregious and that seriously affect the fairness, integrity, or public reputation of judicial proceedings, and then only when a miscarriage of justice would result." *United States v. Puche*, 350 F.3d 1137, 1151 (11th Cir. 2003) (internal quotation omitted); *accord Rodriguez*, 398 F.3d at 1298. An appellate court's "power to review for plain error is limited and circumscribed . . .

[and] the plain error rule places a daunting obstacle before the appellant." *Rodriguez*, 398 F.3d at 1298 (internal quotation omitted).

As an initial matter, it can be argued that proving that <u>both</u> parties are not federal firearms license holders is <u>not</u> an element of proof necessary to obtain a conviction for a violation of Section 922(a)(5), and thus that it was not error to fail to introduce evidence on that point.[1] This argument is perhaps even stronger when proof <u>is</u> presented that the defendant is not an FFL and the only other party to the transaction is an undercover federal agent.

If it was error, it was clearly not "plain" error. The statute itself – Title 18 United States Code Section 922 – is a hodge-podge of legislative drafting styles, with "exceptions" to certain prohibited conduct listed parenthetically, while other portions, also within parenthesis, are considered elements to be proven. 17 Cumb. L. Rev. 585 (1987). The statutory language and legislative history are a testament to the tortured legislative compromise that was necessary to enact the law. *Id*. at 588-89.

While several cases cited *supra* hold this factor to be an element of proof for conviction, it is significant to note that the Supreme Court has not clarified this

---

[1] But See *United States v. Johnson*, 480 Fed.Appx. 835 *2 (6th Cir. 2012); *United States v. Tyson*, 653 F.3d 192, 205 (3rd Cir. 2011); *United States v. Lain*, 640 F.3d 1134, 1136, 1139 (10th Cir. 2011); *United States v. James*, 172 F.3d 588, 593 (8th Cir. 1999); and *United States v. Clement*, 1995 WL 151786 *2 (E.D.N.Y. 1995), which held or treated FFL status as an element to be proven for both parties to the transaction.

12

aspect of the statute. As a result, under prevailing law, the error, if it is such, is not plain. "When 'the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court resolving it.'" *Castro*, 455 F.3d at 1253; *Chau*, 426 F.3d at 1322.

Ultimately, the "plainness" of the error in this case was obscure enough to avoid detection by a highly regarded and experienced District Court Judge, the Federal Public Defender himself, and an experienced federal prosecutor. Suffice it to say that there is a factual and legal basis to contend that the requirement to show that neither party was an FFL holder was not plain – particularly, when the illegal exchange was between a charged defendant and an undercover federal agent.

Defendant fails on the third prong of the plain error test as well. Defendant has failed to show that but for the error, there would have been a different result. Had the district court included the element that the government must prove its undercover agent was not an FFL holder, the government would have done so exactly through that simple question to that undercover agent. Special Agent Visnovske is not, and was not at the time of the transaction at issue, an FFL holder. Certainly, the experienced defense counsel was not going to establish the absence of any defense by asking such a question. The answer would not have changed the

13

result. If Defendant had made the argument he presents on appeal to the district court after the government rested, the district court would have allowed the government to reopen its case to elicit the testimony. *See United States v. Byrd*, 403 F.3d 1278, 1284 (11th Cir. 2005); *United States v. Cohen*, 888 F.2d 770, 775 (11th Cir. 1989).

The fourth prong is similarly beyond Defendant's reach both because he cannot establish all three of the preceding prongs and because he cannot show that the error seriously affected the fairness, integrity, or public reputation of judicial proceedings. The proceeding below was fair, vigorously contested, and professionally defended, which demonstrated the integrity and promoted the public reputation of the judicial system.

One of the purposes of the plain error rule is to prevent "sandbagging," that is, "saving an issue for appeal in hopes of having another shot at trial if the first one misses." *Rodriguez*, 627 F.3d at 1379 (*quoting United States v. Pielago*, 135 F.3d 703, 709 (11th Cir. 1998)); *see also United States v. Turner*, 474 F.3d 1265, 1275 (11th Cir. 2007) ("plain error review is intended to enforce the requirement that parties lodge timely objections to errors at trial so as to provide the district court with an opportunity to avoid or correct any error, and thus avoid the costs of reversal and retrial" (emphasis in original)). If Defendant had objected to the

14

district's court recitation of the elements of the crime, the court could have addressed the issue then and there. Even assuming for the sake of argument that Defendant proved the first three prongs of the plain error test, given the totality of the record in this case, he has failed to show any error that seriously affected the fairness, integrity, or public reputation of judicial proceedings.

## ISSUE II

**THE DISTRICT COURT DID NOT COMMIT PLAIN ERROR BY INSTRUCTING THE JURY THAT THE SALE OF A FIREARM TO A LICENSED DEALER WAS AN EXCEPTION TO THE PROHIBITION ON SALES TO NON-RESIDENTS THAT DID NOT APPLY IN THE CASE.**

In the alternative to the sufficiency of the evidence argument, Defendant argues the trial court erred by failing to instruct the jury they could not convict unless they found that at the time of the transfer, "neither the Defendant nor the person who received the firearm was a licensed firearms dealer, importer, manufacturer, or collector," in conformance with Eleventh Circuit Pattern Jury Instructions, No. 34.2 (2010). (Appellant's brief at 16)  Defendant argues this instruction "effectively relieved the Government of its burden to prove an essential element in violation of Appellant's due process rights" under the Fifth Amendment and constituted plain error.  (Appellant's brief at 16-17)

Again, under the plain error test, before an appellate court can correct an error not raised below, "there must be (1) error, (2) that is plain, and (3) that affects substantial rights. . . . If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Johnson*, 520 U.S. at 467, 117 S.Ct. at 1549 (internal citations and quotations omitted); *accord Pantle*, 637 F.3d at 1172, 1174 (11th Cir. 2011) (*per curiam*).

16

Plain error is "an extremely high standard of review," *Silvestri*, 409 F.3d at 1337 n. 17, which should be exercised "sparingly." *Rodriguez*, 398 F.3d at 1298 (internal quotation omitted). First, it is the defendant's burden to establish plain error, and specifically, it is the defendant's burden to show "the error plain, prejudicial and disreputable to the judicial system." *Monroe*, 353 F.3d at 1349-50 (quoting *Vonn*, 535 U.S. at 65, 122 S.Ct. at 1050). As to the second prong of the plain error test, "[w]hen 'the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court resolving it.'" *Castro*, 455 F.3d at 1253 (quoting *Chau*, 426 F.3d at 1322).

To prove the third prong of the plain error test, a defendant "must establish a 'reasonable probability of a different result' but for the error." *Rodriguez*, 627 F.3d at 1382 (quoting *Rodriguez*, 398 F.3d at 1299). "A defendant's burden under the plain error standard to show prejudice is 'anything but easy' – 'the burden truly is on the defendant to show that the error actually did make a difference.'" *Pantle*, 637 F.3d at 1177 (quoting *Rodriguez*, 398 F.3d at 1299-1300). "Where the effect of an error on the result in the district court is uncertain or indeterminate – where we would have to speculate – the appellant has not met his burden" of establishing

17

the third prong of the plain error test. *Rodriguez*, 398 F.3d at 1301; *accord Pantle*, 637 F.3d at 1177.

Additionally, the fourth prong of the plain error test is not analogous to the third prong; rather, the fourth prong imposes yet a further significant burden that a defendant must satisfy to be entitled to relief. *See Shelton*, 400 F.3d at 1333.

Under the plain error standard, an appellate court "correct[s] only for errors that are particularly egregious and that seriously affect the fairness, integrity, or public reputation of judicial proceedings, and then only when a miscarriage of justice would result." *Puche*, 350 F.3d at 1151 (internal quotation omitted); *accord Rodriguez*, 398 F.3d at 1298. An appellate court's "power to review for plain error is limited and circumscribed . . . [and] the plain error rule places a daunting obstacle before the appellant." *Rodriguez*, 398 F.3d at 1298 (internal quotation omitted).

Defendant has not satisfied the third and fourth prongs on the plain error test. The evidence that Special Agent Visnovske was not an FFL holder was a side issue to the central debate regarding whether Defendant had the requisite *mens rea* to believe that Visnovske was a "dual resident" of Georgia and Florida.

In multiple recorded undercover conversations, the parties discussed a broad range of their activities and interests in firearms. These conversations were

18

introduced by the government to prove that Defendant was engaged in the unlicensed business of trading in firearms, a charge on which Defendant was ultimately found not guilty by the jury.

The conversations served a second purpose. The recordings made it clear that Defendant was well aware that the proposed sale of a firearm to a non-resident was illegal, as demonstrated by the two "sham" transfers to Visnovske's fellow undercover agent, Special Agent Williams, on the pretext that he was selling the gun to Williams – what he did with it was their business. (Doc 68 – Pgs 177-78, 199)

Defendant's careful actions in the undercover conversations with Special Agents Williams and Visnovske demonstrate that Defendant knew federal law limited gun sales to in-state residents, that he knew holding an FFL would obviate any illegality, and that he believed neither buyer had an FFL. It would have been unreasonable for these undercover buyers to reveal, in the course of these hand-to-hand gun transactions, that they were not FFL holders, as it could raise suspicion that they were actually law enforcement officers engaged in an undercover investigation. Such talk would have blown the entire investigation. Rather, they played the role they were assigned, and one which Defendant's actions implicitly acknowledge: that they were common citizens without FFLs.

19

The recorded conversations between the undercover officer and the Defendant confirm their common understanding and recognition that the undercover officer was not a licensed firearms dealer, but was a Georgia farmer, whose hobbies were firearms and hunting. (Doc 68 – Pgs 172, 176, 179, 186, 188, 205, 208, 243) The undercover explained that, instead of going to college, he was working on the family farm due to his father's declining health. (*Id.* at 68 – Pg 188; Exh. 111 - Tr. at 18) The money used to purchase the guns was not from a business, but from the extra money the undercover received as a tax refund. (Exh. 10 - Tr. at 2) He asked for an NRA discount. (Doc 68 – Pg 171) He paid with cash. (*Id.* at 198) The comment that the undercover's wife was angry because he spent too much on a gun purchase, is another reflection of the understanding that the undercover was not in the business of firearms dealing, but was purchasing as a casual hobbyist rather than a licensed dealer. (Exh. 13 - Tr. at 10) The defendant's own statements directing one of the agents to a "dealer" to purchase a Sig Sauer firearm and describing other gun show participants as "regular dealers" also reflect his understanding that the agents are not FFLs. (Exh. 7 – Tr. at 9; Exh. 16 – Tr. at 3) Finally, Defendant's admonition to Visnovske, "You got to run that gun out to the car because that's too cheap, and I don't want you to come back here and reselling this thing," is a recognition that Visnovske is not an FFL who has a store

20

from which he could resell an inexpensively purchased firearm. (Exh. 111 - Tr. at 1-2)

Defendant's status as a firearm seller without an FFL was duly and properly established. As an undercover agent participating in the transaction as part of a federal criminal investigation, the agent's federal firearms license status was never considered an essential "element of the crime" – not by the court, as plainly raised for discussion in its proposed instruction, and not by the Federal Public Defender. Any error in failing to make explicit during trial that neither of these agents were, in fact, FFL holders, was not plain, did not affect Defendant's substantial rights, and did not affect the fairness, integrity, or public reputation of judicial proceedings.

21

## **CONCLUSION**

For the reasons stated above, the appellee asserts that the judgment of the

district court should be affirmed.

Respectfully submitted,

PAMELA C. MARSH
United States Attorney

TERRY FLYNN
Assistant United States Attorney
Northern District of Florida
111 North Adams Street, 4th Floor
Tallahassee, FL  32301
(850) 942-8430

22

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that two copies of the foregoing have been mailed,

postage prepaid, this 29th day of November, 2012, to Chet Kaufman, Attorney for

Defendant/Appellant Theodore Stewart Fries, at 227 North Bronough Street, Suite

4200, Tallahassee, FL 32301. In addition, a copy was uploaded at 3:23pm on

November 29th, 2012.

_Terry Flynn_
Assistant U.S. Attorney

## **INDEX OF SUPPLEMENTAL EXPANDED RECORD EXCERPTS**

| | |
|---|---|
| IND | Index |
| TRR | Table of Record References |
| 17 | Defendant's Proposed Jury Instructions |
| 19 | Defendant's Proposed Jury Instructions |
| Exh. 7 | Transcript at 9 |
| Exh. 10 | Transcript at 2 |
| Exh. 13 | Transcript at 10 |
| Exh. 16 | Transcript at 3 |
| Exh. 111 | Transcript at 1, 2, 18 |
| COS | Certificate of Service |