No. 11-15724-GG

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

THEODORE STEWART FRIES,
*Defendant-Appellant.*

A Direct Appeal of a Criminal Case
From the United States District Court
for the Northern District of Florida, Tallahassee Division
District Court Case No. 4:11cr22-RH

### REPLY BRIEF OF APPELLANT

RANDOLPH P. MURRELL
FEDERAL PUBLIC DEFENDER
BY: CHET KAUFMAN
Assistant Federal Public Defender
Florida Bar No. 814253
227 N. Bronough Street, Ste. 4200
Tallahassee, Florida 32301
Telephone: (850) 942-8818
FAX: (850) 942-8809
chet_kaufman@fd.org

Attorney for Appellant

Cir. Ct. No. 11-15724-GG

United States v. Theodore Stewart Fries

CERTIFICATE OF INTERESTED PERSONS

Pursuant to 11th Cir. R 26.1-1, 26.1-2, and 26.1-3, counsel for the appellant relies on the certificate previously filed in this case, with the addition of:

Flynn, Terry: Assistant U.S. Attorney

## TABLE OF CONTENTS AND CITATIONS

<u>Contents</u>                                                                                         <u>Page</u>

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  iii

REPLY ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

CERTIFICATE OF SERVICE  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

<u>Contents</u>                                                                                          <u>Page</u>

**<u>Circuit Courts of Appeals</u>**

<u>Diversified Numismatics, Inc. v. City of Orlando, FL.</u>,
    949 F.2d 382 (11th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

<u>Riley v. City of Montgomery, Ala.</u>, 104 F.3d 1247 (11th Cir. 1997) . . . . . . . . . . . 4

<u>United States v. Byrd</u>, 403 Fed. 3d 1278 (11th Cir. 2005) . . . . . . . . . . . . . . . . . . 5

<u>United States v. Cano</u>, 289 F.3d 1354 (11th Cir. 2002) . . . . . . . . . . . . . . . . . . . . 2

<u>United States v. Cohen</u>, 888 F.2d 770 (11th Cir. 1989) . . . . . . . . . . . . . . . . . . . . 5

<u>United States v. Gari</u>, 572 F.3d 1352 (11th Cir. 2009) . . . . . . . . . . . . . . . . . . . . 2

<u>United States v. Mount</u>, 161 F.3d 675 (11th Cir. 1998) . . . . . . . . . . . . . . . . . . . . 2

<u>United States v. Reddest</u>, 512 F.3d 1067 (8th Cir. 2008) . . . . . . . . . . . . . . . . . . . 4

<u>United States v. Vega-Castillo</u>, 540 F.3d 1235 (11th Cir. 2008) . . . . . . . . . . . . . . 2

**<u>U.S. Constitution</u>**

U.S. Const. Amend. V . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

U.S. Const. Amend. VI . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

**<u>Statutes</u>**

* 18 U.S.C. § 922(a)(5) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

# TABLE OF RECORD REFERENCES IN THE BRIEF

<u>Docket #</u>                                                       <u>Brief Page #</u>

None

# PRELIMINARY STATEMENT

All references to pages in the Corrected Initial Brief shall be IB at #, and references to the Government's Answer Brief shall be AB at #. Citations to the record shall be made in the same manner as in the Corrected Initial Brief. All arguments made in the Corrected Initial Brief are adopted and realleged here. Only statements Appellant deems to require a response are addressed in the text below.

REPLY ARGUMENT

1.   This case boils down to a single question: Is the transferee's status with respect to a firearms license an essential element of 18 U.S.C. § 922(a)(5) as charged in Count II? The answer is yes or no. The Government declines to give a straight-forward response. Instead, it says "it can be argued that proving <u>both</u> parties are not federal firearms license holders is <u>not</u> an element of proof necessary to obtain a conviction..." AB at 12. It can be argued that the moon is made of Swiss cheese, too. So what? The only reasonable way to read the Government's argument is as a backhanded concession. The Government recognizes this, of course, adding a "But See" string of authorities in footnote 1. AB at 12 n.1. The Government also acknowledges its "fail[ure] to introduce evidence on that point," AB at 12, admitting "there was no positive statement in the record that the undercover buyer was not a holder of an FFL," AB at 6.[1]

2.   With those concessions, this case should be over, because the Government's argument that failure to prove an essential element is not reversible plain error, AB at 12-19, is foreclosed by precedent. <u>See</u> IB at 33-34 (citing <u>United States</u>

---

[1] The Government says "perhaps" the fact that an undercover Government agent was one of the parties to the transaction supports its argument. AB at 12. That is irrelevant both under the language of the statute and its legislative history. Moreover, given the practical reality that an agent can be, and/or can represent himself to be, a firearms license holder, makes proof of the element even more critical.

v. Gari, 572 F.3d 1352, 1360-61 (11th Cir. 2009), United States v. Cano, 289 F.3d 1354, 1366-67 (11th Cir. 2002), and United States v. Mount, 161 F.3d 675, 678 (11th Cir. 1998). The Government does not challenge that precedent, and even if it were to do so, this panel must follow the undisputed rule. E.g. United States v. Vega-Castillo, 540 F.3d 1235, 1236 (11th Cir. 2008) ("Under the prior precedent rule, we are bound to follow a prior binding precedent 'unless and until it is overruled by this court en banc or by the Supreme Court.'").

3. Appellant sees no further need to parse out the elements of the plain error standard or to address the erroneous suggestion that the Supreme Court must first decide an issue for an error to be plain. These points were thoroughly discussed, with authority, in the Corrected Initial Brief. IB at 19-34. Moreover, the Government acknowledges the Third, Sixth, Eighth, and Tenth Circuits (and a district court in the Second Circuit) have treated the transferee's status as an essential element, see authorities cited in AB at 12 n.1, and Appellant's Corrected Initial Brief showed that the Fifth, Ninth, and Eleventh Circuits have done likewise in their decisions or pattern instructions, see authorities cited in IB at 19-23. Not a single court has held to the contrary. Nothing more is needed to show plain error.

4. The Government is relying on the "tortured legislative" history in support of its argument that the error was not plain. AB at 12. That peculiar, ironic argument is self-defeating: if the statutory language is clear, the error is plain, so the conviction

must fall; but if the language is unclear so that the error was not plain, the statute is too ambiguous or vague to apply against the accused under due process and lenity standards, so the conviction likewise must fall.

5. The Government attempts to slip in the missing essential fact by stating in its brief, for the first time and with no record support, that "Special Agent Visnofske is not, and was not at the time of the transaction at issue, an FFL holder." AB at 13. The Government must know this assertion of a purported adjudicative fact that had not been offered to the finders of fact is grossly improper and unauthorized, and it should be stricken.[2] Moreover, Appellant denies any knowledge of the truthfulness or falsity of that assertion, making it a disputed matter.

The outcome of Appellant's trial and direct appeal are controlled by his rights and the Government's obligations provided by the Fifth And Sixth Amendments of the United States Constitution. The Government, without citation to authority, appears to

---

[2] See Diversified Numismatics, Inc. v. City of Orlando, FL., 949 F.2d 382, 384 (11th Cir. 1991) ("We agree that appellants should not have referenced material not in the record, and we will not consider any non-record evidence or arguments based upon non-record evidence."); Riley v. City of Montgomery, Ala., 104 F.3d 1247, 1251 n.4 (11th Cir. 1997) (citing Diversified Numismatics, Inc., to strike "those portions of Plaintiff's brief which refer to 'evidence' that is not in the record"); see also United States v. Reddest, 512 F.3d 1067, 1072-73 (8th Cir. 2008) (finding evidence insufficient to prove penetration of genital opening and barring consideration of Government's explanation at oral argument of a trial witness's hand gesture demonstration to prove penetration when the trial record failed to disclose "particulars of [] alleged demonstration").

hope this appellate Court will *sua sponte* exercise discretion in some manner that defeats Fries's rights to a fair jury trial and appeal, to due process, to confrontation, and to be free of being twice placed in jeopardy.  No interest in justice permits or requires such an unprecedented unconstitutional measure.

6.     Contrary to the Government's purported supposition of fact, no testimony in this record established that Fries knew he could not sell the firearm to an out-of-state resident "unless one of the parties to the transaction was a holder of an FFL."  AB at 6. The Government further claims that Fries "knew holding an FFL would obviate any illegality, and that he believed neither buyer had an FFL."  AB at 18.  Notably, the Government does not cite any page in the record establishing either that the transferees did not possess firearms licenses or that Fries had formed any such belief.  The evidence focused on the transferees' residence, not their status as licensed firearms dealers, importers, manufacturers, or collectors.

7.     The Government discusses "sandbagging" as justification for the contemporaneous objection rule. AB at 14-15.  Given that Appellant's counsel initially filed a no-merit brief and did not argue this issue until a member of this Court so directed, IB at 3-4, any implicit suggestion of sandbagging is preposterous.

8.     The district court would not have been compelled to reopen the Government's case had the error been pointed out after the Government closed, as the Government seems to suggest. AB at 13.  Even the Government's own authorities note

that such decisions are discretionary.  United States v. Byrd, 403 Fed. 3d 1278, 1283 (11th Cir. 2005) ("The decision whether to reopen a case to introduce additional evidence is reviewed only for abuse of discretion.  United States v. Cohen, 888 F.2d 770, 775 (11th Cir. 1989)."). This Court should not presume how a district court would have exercised its discretion when the record contains no indication of what the district court would have done.

9.     The Government further suggests that reversal would be wrong because the Government's only error was to omit one question and answer.  AB at 6, 13.  That's like saying a murder conviction should stand because the prosecutor merely failed to ask the coroner whether the cause of death was homicide.  Either an essential element is established or it is not, regardless of the simplicity or number of questions and answers needed.

10.    The Government says the trial was fair, vigorously contested, and professionally defended.  AB at 14.  Except, of course, for the fact that an essential element was not established, and the jury was not asked to find that essential element.  The Government considers this essential element to have been a mere "side issue," and therefore its omission – although an essential element necessary to sustain a conviction – does not qualify as reversible error.  AB at 18.  That is a new concept, totally foreign to this nation's jurisprudence.  See IB at 18-19.  This Court should find it unacceptable.

## CONCLUSION

For the reasons stated above and in the Corrected Initial Brief, this Court should reverse.

                              Respectfully submitted,
                              RANDOLPH P. MURRELL
                              Federal Public Defender

By:   /s_____

CHET KAUFMAN
Assistant Federal Public Defender
Florida Bar No. 0814253
227 N. Bronough Street, Suite 4200
Tallahassee, Florida 32301
Telephone: (850) 942-8818
FAX: (850) 942-8809
Attorney for Appellant

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has been furnished to this Court electronically in Acrobat format, and have been furnished in written format by U.S. Mail to Assistant United States Attorney Terry Flynn, 111 N. Adams Street, 4th Floor, Tallahassee, FL 32301, and to Theodore Stewart Fries, 5465 N.E. First Lane, Ocala, FL 34470, on this 5th day of December, 2012.

                                                    /s
                                            CHET KAUFMAN
                                            Assistant Federal Public Defender